UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE COMVERSE TECHNOLOGY, ) Civil Action No. CV 06-1825 (NGG) (RER)
INC. SECURITIES LITIGATION )

---

## JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing on June 21, 2010 and upon the application of Lead Plaintiff and all Defendants (the "Settling Parties") for approval of the Settlement set forth in the Stipulation of Settlement, dated December 16, 2009, and the Amendment to the Stipulation of Settlement, dated June 19, 2010 (collectively the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings held herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in the action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court, for purposes of this Judgment and Order of Dismissal, with prejudice (the "Judgment"), adopts all defined terms as set forth in the Stipulation, and incorporates them herein by reference as if fully set forth.

2. The Court has jurisdiction over the subject matter of this Action, Lead Plaintiff, Class Members, and Defendants.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and publication of the Summary Notice of

Pendency and Proposed Settlement of Class Action ("Summary Notice") were effected in accordance with the Order Preliminarily Approving Settlement, dated April 2, 2010 (the "Preliminary Order of Approval"), and (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) that this notice was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the effect of the Stipulation, the release of rights contained in the Stipulation, the right to obtain exclusion from the Class, and the right to appear at the Settlement Hearing; and (iii) that this notice fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, the Private Securities Litigation Reform Act of 1995, and any other applicable law.

4. The Court has certified, for settlement purposes only, a Class of all purchasers of the common stock of Comverse Technology, Inc. ("Comverse") during the period from April 30, 2001 through January 29, 2008 (the "Class Period"), both dates inclusive. Excluded from the Class are the Defendants, all current and former officers and directors of Comverse, all employees of Comverse and/or its Subsidiaries during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

5. With respect to the Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class Members in the Class Action is impracticable; b) there are questions of law and fact common to the Class which predominate over any individual questions; c) the claims of Lead Plaintiff are typical of the claims of the Class; d) Lead Plaintiff and Lead Plaintiff's Counsel have, at all times, fairly and adequately represented and protected the interests of the Class members; e) a class action is superior to other

available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Class Action.

6. Pursuant to and in accordance with the requirements of Rules 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Stipulation, including specifically, without limitation, the amount of the Settlement, which totals $225,000,000 in cash, with an option to substitute Settlement Shares, as subject to the adjustments and protections set forth in the Stipulation; the Releases set forth therein; and the dismissal, with prejudice, of all the Released Claims against the Released Parties set forth herein as fair, just, reasonable and adequate. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

7. Pursuant to Section 3(a)(10) of the Securities Act of 1933, any Settlement Shares issued pursuant to the Settlement do not constitute "restricted securities."

8. Lead Counsel is authorized to sell any Comverse Technology, Inc., Verint Systems, Inc., or Ulticom, Inc. common stock upon transmittal of the shares to the Comverse Settlement Fund Escrow Account, and upon consultation with an independent investment firm (which will have no role in the disposition of the shares), the reasonable cost of which will be paid for out of the Settlement Fund Escrow Account.

9. Except as to any claim of those persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are

hereby dismissed, with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation. Regardless of whether or not a member of the Class receives any distributions from the Settlement, or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and all Class Members who have not validly and timely requested exclusion, on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims.

    a.  For purposes of this Order, the term "Released Claims" shall mean all "Released Plaintiffs' Claims" and all "Released Defendants' Claims," as those terms are defined in the Stipulation, and include all claims (including "Unknown Claims"), rights, demands, suits, matters, issues, or causes of action under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, that were, could have been, or could in the future be asserted against the Released Parties by Plaintiffs in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or described in this Class Action by Plaintiffs. The "Released Plaintiffs' Claims" include, but are not limited to, any and all claims related to or arising out of the matters reported in the Company's Current Reports on Form 8-K filed with the SEC on November 5, 2007, and January 29, 2008, the Report of the Special Committee of Comverse's Board of Directors summarized in the Company's Current Report on Form 8-K filed with the SEC on

January 29, 2008, the Federal Bureau of Investigation affidavit in support of arrest warrants issued against defendants Alexander, Kreinberg and Sorin, or the SEC's complaints against defendants Alexander, Kreinberg and Sorin, compensation practices, options backdating, the administration of a secret options reserve fund, the recycling of unexercised options from departed employees to other employees, or any other options dating or grant practice, procedure or policy, the issuance and administration of employee stock options of Comverse, earnings manipulation, finances, accounting practices or procedures, public filings, press releases or other public statements or disseminations, revenue recognition issues, audits or reviews of Comverse's consolidated financial statements for the fiscal year ended January 31, 2005, the first three quarters of the fiscal year ended January 31, 2006, or any prior period, and claims for breach of fiduciary duty, insider trading, misappropriation of information, failure to disclose, omissions or failures to act, abuse of control, breach of Comverse's policies or procedures, waste, mismanagement, gross mismanagement, unjust enrichment, misrepresentation, fraud, breach of contract, negligence, breach of duty of care or other duty, violations of law, money damages, injunctive relief, corrective disclosure, damages penalties, disgorgement, restitution, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liability whatsoever, whether based on federal, state, local, foreign, statutory, common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims that were or that could have been alleged in the Consolidated Amended Complaint in this Action. Notwithstanding any of the foregoing, neither this Stipulation nor the Judgment and Order of Dismissal with Prejudice to be entered in this Litigation operate as a release of any claims by the plaintiffs in the federal or state derivative actions.

b. For purposes of this Order, and as defined in the Stipulation, the term "Released Parties" shall mean the Plaintiffs, Defendants, and each of Lead Plaintiff's and Defendants' respective Released Parties. "Defendants' Released Parties" shall mean each and every past and current Defendant and, whether or not identified in any complaint filed in the Action, each Defendant's past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries. "Lead Plaintiff's Released Parties" shall mean any and all of Lead Plaintiff's respective present, past or future officers, directors, and employees, and/or their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Lead Plaintiff has a controlling interest or which is related to or affiliated with Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Action.

10. By operation of this Judgment, Lead Plaintiff, Class Members, and Lead Counsel are fully, finally and forever released and discharged from all claims, including Unknown Claims, that any of the Released Parties have, had or may have that arise out of, relate

to or are based in any way upon the institution, prosecution, assertion or resolution of this Action or the Released Claims.

11. In accordance with 15 U.S.C. § 78u-(f)(7)(A) and (B), the Court finds that the Stipulation represents a good faith settlement of all Released Claims of all Class Members sufficient to discharge Defendants and the Released Parties of all Released Claims.

12. Only those Class Members filing valid and timely Proofs of Claim and Release shall be entitled to receive any distributions from the Settlement. The Proofs of Claim and Release to be executed by the Class Members shall contain a release whereby all Released Parties will be released from all Released Claims. The Proof of Claim and Release shall be substantially in the form and content of Exhibit B to the Preliminary Order of Approval. All Class Members, who have not validly and timely requested exclusion, shall be bound by the releases whether or not they submit a valid and timely Proof of Claim and Release.

13. Neither the Defendants, nor their counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to: (a) the provisions of the Notice, locating Class Members, soliciting Settlement claims or claims administration; (b) the investment, management or distribution of the Settlement Fund; (c) the design, administration or implementation of the Plan of Allocation; (d) the determination or administration of taxes; or (e) any expenses, costs, or losses incurred in connection with (a), (b), (c), or (d). No person shall have any claim of any kind against Defendants, or their counsel, with respect to the matters set forth in this paragraph.

14. The Court finds and concludes that during the course of this Action, the Defendants, Lead Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or their respective counsel violated

any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints. The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

15. All Class Members who have not validly and timely requested exclusion are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon any Released Claims, including, but not limited to, any claim all claims, including Unknown Claims, rights, demands, suits, matters, issues, or causes of action under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, that were, could have been, or could in the future be asserted against the Released Parties by Plaintiffs in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or described in this Class Action by Plaintiffs, including, but not limited to, any and all claims related to or arising out of the matters reported in the Company's Current Reports on Form 8-K filed with the SEC on November 5, 2007, and January 29, 2008, the Report of the Special Committee of Comverse's Board of Directors summarized in the Company's Current Report on Form 8-K filed with the SEC on January 29, 2008, the Federal Bureau of Investigation affidavit

in support of arrest warrants issued against defendants Alexander, Kreinberg and Sorin, or the SEC's complaints against defendants Alexander, Kreinberg and Sorin, compensation practices, options backdating, the administration of a secret options reserve fund, the recycling of unexercised options from departed employees to other employees, or any other options dating or grant practice, procedure or policy, the issuance and administration of employee stock options of Comverse, earnings manipulation, finances, accounting practices or procedures, public filings, press releases or other public statements or disseminations, revenue recognition issues, audits or reviews of Comverse's consolidated financial statements for the fiscal year ended January 31, 2005, the first three quarters of the fiscal year ended January 31, 2006, or any prior period, and claims for breach of fiduciary duty, insider trading, misappropriation of information, failure to disclose, omissions or failures to act, abuse of control, breach of Comverse's policies or procedures, waste, mismanagement, gross mismanagement, unjust enrichment, misrepresentation, fraud, breach of contract, negligence, breach of duty of care or other duty, violations of law, money damages, injunctive relief, corrective disclosure, damages penalties, disgorgement, restitution, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liability whatsoever, whether based on federal, state, local, foreign, statutory, common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims that were or that could have been alleged in the Consolidated Amended Complaint in this Action.

16. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable and equitable, with the clarification that for Class Members who purchased Comverse shares during the Class Period and held their shares through January 29, 2008, the recognizable

loss is calculated as the difference between the purchase price and $16.30 (the closing price on the last trading day prior to the disclosure), with the cap on Recognized Loss being the amount stated as the Recognized Loss in the Notice.

17. The Claims Administrator and Lead Counsel shall take all necessary steps and employ their best efforts to ensure that the proposed Order of Distribution is filed with the Court as quickly as possible, but in no event later than 180 days after the deadline for the submission of claims, unless a reasonable and documented request for an extension is granted by the Court.

18. Lead Counsel is hereby awarded __25__% of the Settlement Fund less the Alexander Opt-Out Credit in fees for services rendered in connection with prosecution of this litigation, and $ __1,600,967.00__ from the Settlement Fund as reimbursement for expenses, to be paid consistent with Paragraphs 7.1-7.6 of the Stipulation.

19. Lead Plaintiff is hereby granted a Compensatory Award of $ __60,000.00__ from the Settlement Fund, to be paid consistent with Paragraphs 7.1-7.6 of the Stipulation.

20. The Court reserves exclusive and continuing jurisdiction over this Action, Lead Plaintiff, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; and (2) supervising the distribution of the Net Settlement Fund.

21. The Court authorizes the Settling Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Stipulation and all exhibits attached thereto as (i) are not materially inconsistent with this Judgment and (ii) do not materially limit the rights of Class Members under the Stipulation.

22. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Parties may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith Settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim

23. Alexander shall be severed from this Judgment if he terminates his Settlement with the Class pursuant to the terms of the Stipulation. In the event that Alexander terminates the Settlement as to himself, the Judgment shall remain binding on Lead Plaintiff and the Class on the one hand, and Comverse and all Defendants other than Alexander on the other hand. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and (B), the Court finds that the Stipulation represents a good faith settlement of all Released Claims sufficient to discharge the Defendants. In order to effectuate such Settlement, should Alexander terminate the Settlement as to himself, he shall be permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against any of the Released Parties arising out of the claims or allegations in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or

11

other forum in the United States or elsewhere. In such circumstance, any judgment subsequently obtained against Alexander will be subject to reduction under 15 U.S.C. § 78u-4(f)(7)(B).

24. All Persons, including but not limited to the Defendants, are permanently barred, enjoined, and restrained from instituting, commencing, prosecuting, or asserting any claim for contribution, however denominated, against any other Person, related to the claims asserted by the Class, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, and whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and all such claims shall be deemed extinguished, discharged, satisfied, and unenforceable. Any Person so enjoined, barred, or restrained shall be entitled to appropriate judgment reduction. Nothing contained in this Judgment and Order of Dismissal shall bar, enjoin, or restrain any claim by any Person that has properly opted out of the Settlement to the extent that Person might otherwise be a Class Member, and nothing in this Judgment and Order of Dismissal shall bar a claim for advancement of expenses, indemnification or contribution, or affect any rights and defenses thereto, arising out of such claim by a Person who has properly opted out of the Settlement.

25. The Third-Party Complaints filed by Alexander and Sorin against Deloitte & Touche LLP in this Action are hereby dismissed with prejudice and without costs or attorneys' fees, provided that (a) the Third-Party Complaint of Alexander or Sorin, respectively, and all of Deloitte & Touche LLP's rights and defenses respecting such Third-Party Complaints are subject to being reinstated in the event that claims asserted by the Class against Alexander or Sorin, respectively, in this Action are reinstated (pursuant to the terms and conditions of the Stipulation) if the Stipulation is terminated pursuant to the terms and conditions set forth in ¶

2.21(iv) of the Stipulation; or (b) Alexander's Third-Party Complaint, and all of Deloitte & Touche LLP's rights and defenses respecting Alexander's Third-Party Complaint, are subject to being reinstated in the event that claims asserted by the Class against Alexander in this Action are reinstated (pursuant to the terms and conditions of the Stipulation) if the Stipulation is terminated pursuant to the terms and conditions set forth in ¶ 2.23 of the Stipulation. Nothing in this Judgment and Order of Dismissal shall (a) bar a claim by Alexander or Sorin for contribution against Deloitte & Touche LLP arising out of any claim by a Person who has properly opted out of the Settlement, or (b) affect any of Deloitte & Touche LLP's rights and defenses respecting such claim for contribution.

26. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

27. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated: June 23, 2010
Brooklyn, New York

s/Nicholas G. Garaufis
―――――――――――――――――
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York